## JOSEPH OULIBER *v.* HIS CREDITORS.

A party cannot claim the payment of his demand out of the proceeds of the sale and also require that the sale shall be set aside and the land sold *de novo* for informalities in the sale. The plaintiff is not allowed to cumulate several demands in the same action, when one of them is contrary to or precludes another. C. P. 149.

The parent cannot retain the usufruct of the estate of the minor which he may acquire by his own labor and industry, or which is left to him under the express condition that the father and mother shall not enjoy such usufruct. C. C. 242.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson*, J. *Alfred Hennen*, for plaintiff. *H. Griffin*, for appellants.

MERRICK, C. J. Since the return of the new citations of appeal, there have been filed motions to dismiss the appeal, by *A. Hennen, Penn* and *Martin* and *Louis J. Ouliber.*

. It does not appear to us important to consider the numerous grounds upon which these motions rest.

Among other grounds of dismissal, *Penn* and *Martin* and *A. Hennen*, respectively, aver that they are not creditors upon the tableau of distribution, and that

the judgment of the lower Court is neither for nor against them. If this be so, and they have been cited out of abundant caution, it is manifest that they cannot demand a dismissal of the entire appeal between other parties who have an interest in the judgment from which the appeal is taken.

It will be sufficient, on their own showing, to render a judgment in their favor for costs.

As to the motion of *L. J. Ouliber* to dismiss, we are of opinion it cannot be considered, so long as the former answer to the appeal stands in the way.

On the merits, we observe that the oppositions of *H. V. Ouliber*, of *A. Hennen* and *Penn* and *Martin*, are withdrawn.

The case, then, stands upon two oppositions of *L. J. Ouliber;* one to the sale of the land, and the other to the tableau of distribution.

But as the proceeds of the land are proposed to be distributed by the tableau, it is evident that the two demands are inconsistent. Defendant cannot claim the payment of his demand out of the proceeds of the sale, and also require that the sale shall be set aside and the land sold *de novo* for informalities in the sale.

As the opponent offered evidence of his demand for wages, and took judgment for the same out of the proceeds of the sale, we must conclude that he has elected to prosecute his opposition to the tableau of distribution. C. P. Art. 149.

We shall, therefore, treat the opposition to the monition as withdrawn, and it will be unnecessary to consider the arguments addressed to us on that branch of the case.

In a suit brought by the opponent upon the same demand against *Norbert Vignie*, as a partner in the firm of *J. Ouliber & Co.*, we held in June, 1859, that the claim set up in the opposition was antedated and unfounded.

The District Judge was of the opinion that the additional testimony in this case justified a different conclusion, and ordered the syndic to pay the demand out of any money in his hands. The effect of this judgment seems to be to deprive the mortgage creditors of their mortgage to the extent of this claim upon the proceeds of the land. The mortgage creditors and syndic appeal.

The appellee objects strenuously to the examination of the case of *Louis J. Ouliber* v. *Norbert Vignie*, on file in this Court, on the ground that the District Judge did not have the testimony before him, and that we cannot try the case on original testimony. There is nothing to show that the District Judge was not in possession of, or conversant with that record, and we do not see any necessity of adding anything to what we said on the first motion to dismiss, in reference to the agreement of counsel there recited.

It seems the insolvent and *Norbert Vignie* were partners in a steam saw and planing mill in the Parish of St. Tammany. The opponent was a minor son of *Joseph Ouliber*, the insolvent, and during the period of the partnership was employed a part of the time, at least, as an engineer.

The father made a surrender on the 4th of February, 1857, and placed his son on the bilan as a creditor for a balance due upon a note of $1,990.

The opponent produces the note (as he did in the suit against *Vignie*) purporting to be signed by *Joseph Ouliber & Co.* per pro. *Joseph Ouliber*, and dated 25th day of October, 1855, for $2,840, "for services rendered as engineer and foreman of the Liberty Saw and Planing Mill, from November 1st, 1852, to November 1st, 1855."

There is no credit endorsed upon the note.

In the case of the opponent against *Norbert Vignie*, besides being satisfied of the

want of merit in the claim upon the note, we were satisfied that damages to some extent were due *Vignie* on account of embezzlement of property, and unfaithful conduct as keeper of property sequestered, and we reserved to *Vignie* his right of action against *L. J. Ouliber*, to claim damages on this account. The appellee insists upon the plea of prescription to these damages, and contends that they cannot be used to compensate the claim set up by him in his opposition.

By consent of parties, the testimony in the case of *L. J. Ouliber* v. *N. Vignie* is evidence in this case. It therefore remains necessary to consider, in connection therewith, the additional testimony offered in this case on the opposition. It consists of the testimony of *W. Stein, Thomas A. Morse* and *Wm. Duncan*, whose testimony is to the effect that the opponent was employed at the mill from the time it was put in operation until it was seized by the Sheriff, and that his services were worth from $75 to $80 per month. He was seen acting as engineer and manager, hiring and discharging workmen ; and he was industrious and attentive.

The testimony of *Barthelmy*, however, shows that the opponent and his father both stated in 1853 that he was receiving no wages, and it leaves it probable that his capacity as an engineer extended to nothing further than ability to run the saw-mill.

A letter of *N. Vignie* is also in evidence, in which he proposed to *Joseph Ouliber*, the father, that the firm should give *Louis* and his brother, who was, it seems, two years older, $30 per month ; but this proposition was not shown to have been accepted.

A statement shows that in 1854 the firm was paying another engineer $50 per month.

In view of these facts, we see no reason to change our views as to the date of the note. We think it was antedated, and that if anything were due, it was for a sum much smaller than that claimed. But the conduct of the party is such that a suspicion is thrown upon his whole demand.

It is contended, however, that the action is given the minor under Art. 242 of the Civil Code. That article declares that " the usufruct shall not extend to any estate which the children may acquire by their own labor and industry, nor to such estate as is given or left to them under the express condition that the father and mother shall not enjoy such usufruct."

This suit, it must be borne in mind, is for a claim against the father of the minor during his minority. It has been judicially determined that the claim does not exist against his father's partner.

If it be conceded that the father can legally bind himself for the wages of his son during minority, yet the opponent must fail in this action, because it is not shown that there was such an agreement between them when the services were rendered, and any subsequent agreement would be but a donation, which could not bind the creditors. The opponent not being shown to be a creditor himself, cannot question the right of those upon the tableau.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be avoided and reversed ; and that there be judgment against the said *Louis J. Ouliber* upon his said opposition, and that the same be rejected, and that the account filed by said syndic be homologated. And it is further ordered, that said *Louis J. Ouliber* pay all the costs of the opposition in the lower Court, and the costs of the appeal, except the costs of the citations to *A. Hennen* and *Penn* and *Martin*, which are ordered to be paid by the appellants.

VOORHIES, J., absent.